UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | No. 1:20-cv-00622-HBK (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| v. | |
| STUART SHERMAN, D. LOPEZ, G. BEARD, E. AGUIRRE, | Doc. No. 8 |
| Defendants. | |

This matter comes before the Court upon initial review of the case which was recently reassigned to the undersigned. *See* Doc. No. 13. Pending before the Court is Plaintiff's motion for appointment of counsel filed on May 13, 2020. (Doc. No. 8). Plaintiff, who is proceeding *pro se* and incarcerated, initiated this action by filing a prisoner Civil Rights Complaint on April 30, 2020. Doc. No. 1.[1] Plaintiff was granted leave to proceed *in forma pauperis*. Doc. No.7.

Plaintiff lists a litany of reasons why he requires appointment of counsel, including, but not limited to:(1) he is unable to afford counsel and his case has merit; (2) the issues involved are

---

[1] The Court notes that the Screening Order (Doc. No. 11) permitted Plaintiff to file an Amended Complaint within sixty days. *See* Doc. No. 11 at 6. Plaintiff filed an Amended Complaint on October 5, 2020, which the court will review under § 1915A and/or by separate order direct service of process on Defendants as appropriate.

1

complex medical issues; (3) the case is complex because it contains several different legal claims, some of which include supervisor liability claims; (4) the case will require extensive discovery; and (5) plaintiff's work hours conflict with the law library hours.  *See* Doc. No. 8 at 1-2.

The United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this Court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances."  *Id.* at 1181.  The Court may consider many factors including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved, to determine if exceptional circumstances warrant appointment of counsel.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Here, the Court does not find exceptional circumstances warrant appointment of counsel for Plaintiff.  Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face.  A review of the pleadings filed by Plaintiff further show he can articulate his claims.

Accordingly, it is now **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 8) is **DENIED**.

IT IS SO ORDERED.

Dated:   January 8, 2021

*[signature]*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE