UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN RAY BRUMMETT JR.,

Plaintiff,

v.

STUART SHERMAN, D. LOPEZ, G. BEARD, E. AGUIRRE, P. GARCIA, and NKIRUKA NDU,

Defendants.

Case No. 1:20-cv-00622-HBK (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF NEUTRAL EXPERT AND/OR COUNSEL *WITHOUT PREJUDICE*

(Doc. No. 68)

Pending before the Court is Plaintiff's motion seeking the appointment of a neutral expert and/or appointment of counsel filed February 21, 2025. (Doc. No. 68). Defendants timely[1] filed an opposition on March 13, 2025 (Doc. No. 67), and Plaintiff filed a reply. (Doc. No. 70).

Appointment of Neutral Expert

Plaintiff, who is a prisoner and proceeding *pro se* and *in forma pauperis* on his First Amended Complaint as screened (Doc. Nos. 12, 16, 18), seeks the appointment of independent

---

[1] Plaintiff contends that Defendants' opposition was not timely filed. (Doc. No. 70 at 1). Defendants' opposition was timely filed within twenty-one (21) days of service of Plaintiff's motion. Local Rule 230(l). Plaintiff improperly utilizes the mailbox rule—the date he delivered the motion to correctional officials for mailing—as the "date of service." Because "a pro se plaintiff need not serve documents on counsel for a defendant; the date of the electronic Notice from ECM/ECF is the date of service." Local Rule 135(a); See also First Informational Order in Prisoner/Civil Detainee Civil Rights Actions, Section IV. Service of Documents.

neutral expert witness because he believes he will not be able to introduce his medical records at trial, he believes his case involves complex medical issues, and his case raises both state and federal law claims.[2] Plaintiff contends that a neutral expert will assist the trier of fact as to the "causation" of his medical injuries.

Defendants argue that Plaintiff seeks a medical expert for his benefit, as opposed to the benefit of the trier of fact. Alternatively, they contend the facts of this case are no so complex to require an expert to understand the issues raised in this case.

Under Federal Rule of Evidence 706, a court may "on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed." Fed. R. Evid. 706(a). The Rule only allows a court to appoint a neutral expert. Under existing Ninth Circuit authority, the Court has broad discretion to appoint a medical expert, and to apportion costs to the Defendants. *McKinney v. Anderson*, 924 F.2d 1500, 1510-1511 (9th Cir. 1991), *vacated on other grounds Helling v. McKinney*, 509 U.S. 25 (1993). Generally, court-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointing a physician expert witness where medical testimony on record was "not particularly clear"). The Rule is not intended for the appointment and compensation of an expert witness to serve as an advocate for plaintiff. *Manriquez v. Huchins,* 2012 WL 5880431, *14 (E.D. Cal. 2012) (purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate); *see also Gorrell v. Sneath*, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013).

Plaintiff's First Amended Complaint alleges Eighth Amendment claims against Warden Stuart Sherman, Correctional Lieutenant D. Lopez, Correctional Sergeant G. Beard, Correctional Officer E. Aguirre, and Correctional Officer P. Garcia, based on the conditions of both his living quarters and his work assignment, and Eighth Amendment deliberate indifference and state law

---

[2] Plaintiff relies on statements made during a settlement conference. Notwithstanding the provisions of Federal Rule of Evidence 408, all statements made by the parties relating to the substance or merits of the case, whether written or oral, made during a settlement conference are deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle.

medical malpractice and negligence claims against Defendant Akabike. Plaintiff claims that due to the alleged conditions of his confinement and the alleged failure to treat his medical conditions, he sustained severe impacts to his respiratory health, some of which are permanent. Specifically, Plaintiff claims he suffered from dyspnea and asthma, chronic allergic rhinitis, posterior rhinorrhea, post-nasal drip, continuous cough, wheezing, chest pain and chest pressure, along with migraines. (Doc. No. 12 at 18).

Eighth Amendment conditions of confinement and medical deliberate indifference claims are not *de facto* complex. Whether or not defendants subjected Plaintiff to unconstitutional conditions of confinement and/or met the applicable standard of medical care under federal law, will turn on whether each Defendant's response when appraised of the conditions of Plaintiff's confinement and his serious medical needs, as demonstrated (or not) by the evidence, rose to a level of deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)("Whether one characterizes the treatment received by [the prisoner] as inhumane conditions of confinement, failure to attend to his medical needs, or a combination of both, it is appropriate to apply the 'deliberate indifference' standard articulated in *Estelle*.")(citations omitted).

Furthermore, Defendants have not filed a motion for summary judgment yet alone indicated that they intend to rely on expert testimony. Thus, because the Court has not yet been presented with medical evidence at this stage of the proceeding, the Court finds the request for a neutral expert premature. *See Estrada v. Rowe*, No. C 08–2801 MMC (PR), 2011 WL 249453, at *5 (N.D. Cal. Jan. 25, 2011) (finding that "until the Court has had the opportunity to review the arguments and evidence submitted by the parties on summary judgment, no determination can be made that the issues are so complex as to require the testimony of an expert to assist the trier of fact"). If appropriate, after the filing of a motion for summary judgment or at trial, Plaintiff may refile a motion or the Court may, *sua sponte*, appoint a neutral expert at that time should the Court decide that such expert testimony is required.

Appointment of Counsel

In the alternative, Plaintiff seeks appointment of counsel. Plaintiff explains that he is indigent and has not been able to locate counsel, despite contacting various attorneys. Further, as

noted above, Plaintiff argues that a trial will likely involve the need to introduce medical testimony and cross-examine medical experts.

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. 817 (1996), did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* considering the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

At this stage in the proceedings, Plaintiff has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). Similarly, Plaintiff's inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010). Prison litigation often involves medical claims, and an extraordinary situation cannot be demonstrated through the "vicissitudes of prison life." *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010). While expert testimony and need to cross-examine may justify appointment of counsel at certain points and in certain circumstances, *see Montgomery v. Pinchak*, 294 F.3d 492, 494 (3d Cir. 2002), this case has not yet been set for trial. To date, Plaintiff has capably filed motions and

litigated this case. The Court finds Plaintiff has not showed exceptional circumstances warrant appointment of counsel at this stage of the proceedings. Should this case progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment at counsel at that time.

Accordingly, it is now **ORDERED**:

Plaintiff's motion to appoint a neutral expert and and/or appoint counsel (Doc. No. 68) is DENIED *without prejudice*.

Dated: April 2, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE