UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT JR., | Case No. 1:20-cv-00622-HBK (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY |
| v. | (Doc. No. 64) |
| STUART SHERMAN, D. LOPEZ, G. BEARD, E. AGUIRRE, P. GARCIA, and NKIRUKA NDU, | |
| Defendants. | |

Pending before the Court is Plaintiff's motion to compel discovery filed January 30, 2025. (Doc. No. 64, "Motion"). Defendants timely filed an opposition (Doc. No. 67), and Plaintiff filed a reply. (Doc. No. 70). Prior to ruling on the pending discovery dispute, the Court required the parties to meet and confer telephonically in an effort to resolve the contested discovery issues. (Doc. No. 75). On May 8, 2025, the parties filed a joint statement indicating that Defendants have agreed to search for medical records related to Plaintiff's hospital visit and produce all responsive documents in their possession, rendering Court intervention unnecessary for document production. (Doc. No. 78). However, a dispute remains as to "Defendants' responses to Plaintiff's Interrogatories." (*Id*. at 2). For the reasons set for below, the Court denies the Motion.

////

Under Federal Rule of Civil Procedure 33, a party may serve written interrogatories that seek information relevant to the claims or defenses in the case. The responding party must answer each interrogatory fully and in writing under oath, unless proper objections are asserted. Fed. R. Civ. P. 33(b). Federal Rule of Civil Procedure 37(a) permits a party to move to compel discovery when an opposing party fails to provide adequate responses. The burden is on the moving party to demonstrate that the requested discovery is relevant, necessary, and improperly withheld. *See Duran v. Cnty. of Riverside*, 2024 WL 5260940, at *2 (C.D. Cal. Nov. 22, 2024). If the movant has met the initial burned, "the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *See United States v. McGraw–Hill Cos.*, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014).

Plaintiff argues that Defendants' responses to his interrogatories consist of boilerplate objections that fail to provide substantive explanations for their positions. (Doc. No. 64 at 4). Plaintiff contends that the interrogatories seek critical information related to his claims against Defendant Akabike. (*Id.*). However, Plaintiff asserts only a generalized objection to all interrogatories and only specifically mentions Interrogatory No. 10, which states: "Will you furnish copies, or other reproduction of each item listed above, without a motion to produce?" (*Id.* at 4, 7, 34). Since the parties have resolved Plaintiff's challenge regarding document production, the Court finds this issue moot as to Interrogatory No. 10. Moreover, a review of Defendants' responses indicates that many interrogatories also include requests for document production—an issue that has already been resolved between the parties. (*See id.* at 27-34; *see also* Doc. No. 78).

Regarding his generalized objection to the interrogatory responses, Plaintiff fails to specify which responses improperly withheld relevant information concerning his claim against Defendant Akabike. Because Plaintiff has not adequately articulated the alleged deficiencies in Defendants' responses, the Court finds that he has not met his initial burden to compel discovery. *See Duran*, 2024 WL 5260940, at *2. Thus, the Motion is due to be denied.

////

////

Accordingly, it is now **ORDERED**:

Plaintiff's motion to compel discovery (Doc. No. 64) is denied.

Dated:  May 21, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE