UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | Case No. 1:20-cv-00622-HBK (PC) |
| Plaintiff, | ORDER DIRECTING CLERK TO TERMINATE MOTION AND AMEND DOCKET TO REFLECT PLAINTIFF'S MOTION AS CONSTRUED SURREPLY |
| v. | |
| STUART SHERMAN, et al., | (Doc. No. 92) |
| Defendants. | |

Defendants filed a motion for summary judgment. (Doc. No. 79). Plaintiff filed an opposition with a separate statement of undisputed facts. (Doc. Nos. 84, 85). Defendants filed a reply in support of Defendants' motion for summary judgment, a reply to Plaintiff's separate statement of undisputed facts, and a reply to Plaintiff's response to Defendants' separate statement of undisputed facts. (Doc. Nos. 89-91). On September 25, 2025, Plaintiff filed a pleading titled "Motion to Strike Defendants' Answers as Undisputed Facts as Contrary to Federal Rules." (Doc. No. 92). Therein, Plaintiff responds and objects to Defendants' responses to Plaintiff's statement of undisputed facts, as well as Defendants' reply to Plaintiff's opposition. (*Id.* at 1). The Court construes Plaintiff's pleading as a lodged surreply.[1]

---

[1] A pleading's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, courts are instructed to "construe [the pleading], however styled, to be the type proper for the relief requested." *Id.*

1    Initially, the Court notes Plaintiff did not accompany his pleading with a motion.
2 However, "[i]n this Circuit, courts are required to afford *pro se* litigants additional leniency."
3 *Hester v. Clendenin*, 2022 WL 2541632, at *2 (E.D. Cal. Jul. 7, 2022) (citing *Wilhelm v. Rotman*,
4 680 F.3dd 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012);
5 *Silva v. DiVittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Thomas v. Ponder*, 611 F.3d 1144, 1150
6 (9th Cir. 2010)), *findings and recommendations adopted by*, 2022 WL 3587803 (E.D. Cal. Aug.
7 22, 2022). Thus, while Plaintiff did not first seek leave from the Court to file a surreply, the
8 undersigned finds that striking the construed surreply would not serve the interests of justice. *See*
9 *U.S. Equal Employment Opportunity Commission v. Sunshine Raisin Corporation*, 2023 WL
10 4352426 (E.D. Cal. Jun. 13, 2023).
11    A party does not have the right to file a surreply and the courts generally view surreplies
12 with disfavor. *Garcia v. Biter*, 195 F. Supp.3d at 1131, 1133 (E.D. Cal. July 18, 2016) (citing
13 *U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court
14 did not abuse discretion in refusing to permit inequitable surreply); *JG v. Douglas County School*
15 *Dist.*, 552 F.3d 786, 803 n. 14 (9th Cir. 2008) (district court did not abuse discretion in denying
16 leave to file surreply where it did not consider new evidence in reply; *Provenz v. Miller*, 102 F.3d
17 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-
18 movant an opportunity to respond).
19    Here, Plaintiff's surreply consists of only four pages and is limited to addressing
20 Defendants' responses to Plaintiff's statement of undisputed facts and Defendants' reply to
21 Plaintiff's opposition. Given Plaintiff's pro se status and the fact Defendants have not objected to
22 Plaintiff's pleading, in the interests of justice, the Court will accept Plaintiff's construed surreply
23 and consider it, to the extent relevant, in ruling on Defendants' motion for summary judgment.
24    ////
25    ////
26    ////
27    ////
28    ////

Accordingly, it is ORDERED:

The Clerk shall amend the docket text to reflect Plaintiff's "Motion to Strike Defendants' Answers as Undisputed Facts as Contrary to Federal Rules" (Doc. No. 92) is construed by the Court as a surreply, and shall terminate the pleading as a pending motion.

Dated:   January 7, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE